## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

**Tiffani Brown v.**
**Bayer Schering Pharma AG, et al. No. 3:10-cv-12012-DRH-PMF**

**Jodie Coston and Mike Coston v.**
**Bayer Schering Pharma AG, et al. No. 3:10-cv-12605-DRH-PMF**

**Melindy Crittenden and James Crittenden v.**
**Bayer Corp., et al. No. 3:11-cv-20034-DRH-PMF**

**Lindsey Cross v.**
**Bayer HealthCare Pharmaceuticals, Inc., et al. No. 3:10-cv-11643-DRH-PMF**

**Leanne Rosenthal v.**
**Bayer Schering Pharma AG, et al. No. 3:10-cv-12882-DRH-PMF**

**Kimberly Wilson v.**
**Bayer Schering Pharma AG, et al. No. 3:10-cv-12906-DRH-PMF**

### ORDER DISMISSING WITHOUT PREJUDICE

**Herndon, Chief Judge**

This matter is before the Court on the Bayer Defendants' motion, pursuant to Case Management Order 12 ("CMO 12"),[1] for an order dismissing plaintiffs'

---

[1] The Parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[2]

Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, Plaintiffs in the above-captioned matters were to have served completed PFSs on or before May 21, 2011. *See* 3:10-cv-12012 Doc. 6-1.[3] Bayer contends that although the Plaintiffs in the above-captioned matters have served PFSs, each PFS is still delinquent pursuant to CMO 12. For example, none of the Plaintiffs has submitted all of the required authorizations. In addition, Bayer states, many of the Plaintiffs did not sign the PFS declaration or provide responsive and substantially complete answers to PFS questions regarding personal and family medical history. Instead, Plaintiffs "responded" to these

---

[2] The Bayer defendants also filed identical motions to dismiss in *Diana DeLuna, et al. v. Bayer Corp., et al.* No. 3:11-cv-20001-DRH-PMF, *Keri Griesbach, et al. v. Bayer Corp., et al.* No. 3:11-cv-20003-DRH-PMF, and *Sabrina Lane, et al. v. Bayer Corp., et al.* No. 3:11-cv-20002-DRH-PMF. The Court addresses these member actions in a separate order.

[3] Identical motions were filed in each of the above captioned cases. For ease of reference the Court refers to the motion and exhibits filed in *Tiffani Brown v. Bayer Schering Pharma AG, et al.* No. 3:10-cv-12012-DRH-PMF .

questions by stating "see medical records" or "plaintiff will supplement." *See* 3:10-cv-12012 Doc. 6-1. Per Section E of CMO 12, Bayer notified each Plaintiff that her PFS was not "substantially complete" as required by CMO 12. *See* 3:10-cv-12012 Doc. 6-2. Plaintiffs' completed PFSs are months overdue.

Under Section E of CMO 12, **plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from January 26, 2012, to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.[4]

To date, none of the plaintiffs in the above captioned member actions has filed a response. Because the Plaintiffs in the above captioned cases have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12. Accordingly, the Court hereby **ORDERS** as follows:

---

[4] Responses to Bayer's motion to dismiss were due 14 days from January 26, 2012 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**. ***See* United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

- The **above captioned member actions** are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the requirements of CMO 12.
- **Further,** the Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

**SO ORDERED**

David R. Herndon
2012.02.28
17:07:43 -06'00'

**Chief Judge**  Date: February 28, 2012
**United States District Court**

4